

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

PHILIP S. FRANK
*Assistant Corporation Counsel*
Room 3-183
Telephone: (212) 788-0893
Facsimile: (212) 788-9776
pfrank@law.nyc.gov

October 20, 2010

**VIA ECF**
Honorable Lois Bloom
United States Magistrate Judge, EDNY
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Juliano Torres-Cuesta v. Francis Berberich, et al., CV 08-1382 (ARR)(LB)

Your Honor:

*[Handwritten annotation:]* CCRB's request for reconsideration is granted in part and denied in part. The CCRB shall produce the correct file as to defendant Ward by 10/27/10. The Court urges the City Law Department to continue to work towards a consent resolution with the parties herein. Ordered: S/Judge Bloom, Lois Bloom, U.S. Magistrate Judge, 10/21/10

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to handle nonparty Civilian Complaint Review Board's ("CCRB") response to plaintiff's so-ordered subpoena directed to CCRB for records in the above-referenced matter. For the reasons set forth below, and pursuant to Local Civil Rule 6.3, nonparty CCRB respectfully requests that the Court reconsider its Order dated October 15, 2010, denying CCRB's request for an extension of time to respond to the subpoena. Specifically, in light of the parties' continued efforts to meet and confer concerning the scope of relevant CCRB records, nonparty CCRB respectfully requests an extension of time to assert any applicable privileges, or, in the alternative, for a protective order, should the parties not agree on the scope of relevant and privileged materials.

By way of background, by Orders dated September 16, 2010 and October 1, 2010, the Court granted nonparty CCRB's requests for an extension of time to serve objections to and/or respond to the subpoena. Then, by Order dated October 15, 2010, the Court denied nonparty CCRB's request for an enlargement of time to respond to the subpoena. The Court further ordered nonparty CCRB to comply with the subpoena, to obtain the records and to attend the October 20, 2010 status conference with the records in hand.

There are several reasons for granting nonparty CCCRB's request for reconsideration of the Court's October 20, 2010 order and to grant nonparty CCRB an extension of time to respond to the subpoena. Nonparty CCRB and the parties have met and conferred multiple times in an effort to come to an agreement regarding the scope of the subpoena and any privileged materials. The parties themselves have preliminarily agreed to limit the scope of the subpoena to CCRB documents that involve allegations of excessive force and/or are relevant to

the officers' propensity to tell the truth. See the parties' Status Report to the Court, dated October 18, 2010, at Docket Entry No. 83. Furthermore, nonparty CCRB and the parties agreed that CCRB will provide all responsive documents directly to counsel for defendants. Id.

By letter dated October 19, 2010, counsel for defendants informed the Court that of the five CCRB files already produced, the parties have narrowed the scope of any discovery dispute to only one file. See Docket Entry No. 84. Accordingly, an extension of time to respond to the subpoena will enable the parties and nonparty CCRB to continue to meet and confer to narrow the scope of relevant CCRB records and any privileged materials. Once the parties agree on the scope of relevant CCRB records. Nonparty CCRB reserves the right to assert that certain documents be redacted for any materials protected by the law enforcement, official information and deliberative process privileges. For instance, one of the CCRB files identifies a nonparty victim of an armed robbery from the year 1991. Nonparty CCRB would reserve the right to redact such material pursuant to the law enforcement privilege.

As stated above, CCRB has already produced five CCRB files to defense counsel in response to the subpoena. Moreover, CCRB will attend this afternoon's conference with four of the remaining five files that the parties have requested. However, in light of the agreement entered into by the parties and nonparty CCRB, it is respectfully requested that CCRB be permitted to given said records to defense counsel and not plaintiff's counsel at this juncture. CCRB is making all diligent efforts to obtain the one remaining file pertaining to nonparty James Ward. Earlier today, the undersigned received records for a different "Police Officer James Ward" of the New York City Police Department, who is not the subject of the instant subpoena. Therefore, we are looking into this issue further.

Therefore, for the reasons set forth herein, pursuant to Local Civil Rule 6.3, nonparty CCRB, respectfully requests that the Court reconsider its Order dated October 15, 2010, denying CCRB's request for an extension of time to respond to the subpoena.

I thank the Court for its consideration in this regard.

Respectfully submitted,

/s/

Philip S. Frank
Assistant Corporation Counsel
Special Federal Litigation Division

cc:  Via ECF
     Andrew Weissmann, Esq.
     Jenner & Block
     *Attorneys for Plaintiff*
     919 Third Avenue, 37th Floor
     New York, NY 10022

<u>Via ECF</u>
AUSA Tiana Demas
United States Attorneys Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201-1820